THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND NG,<br><br>　　　　　　　Defendant. | CASE NO. CR20-0172-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Raymond Ng's motion to revoke United States Magistrate Judge Brian Tsuchida's detention order (Dkt. No. 33) and the Government's motion for leave to file an overlength brief (Dkt. No. 40). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendant's motion to revoke the detention order (Dkt. No. 33) and GRANTS the Government's motion for leave (Dkt. No. 40) for the reasons explained herein.

I.  **BACKGROUND**

Defendant is currently detained pending trial on a charge of conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846. (Dkt. Nos. 1, 18, 26.) The Government alleges that Defendant facilitated the manufacturing and distribution of large quantities of illicit marijuana throughout the country by financing grow

houses and using his business, Skyway General Contractor, to employ individuals involved in the operation and to launder the illicit proceeds. (*See generally* Dkt. No. 41 at 2–9.) Defendant moves for revocation of Judge Tsuchida's detention order pursuant to 18 U.S.C. § 3145(b). (Dkt. No. 33.) Defendant asserts that the Government fails to meet its burden of persuasion that no condition or combination of conditions would reasonably assure Defendant's appearance and the safety of the community. (*Id.* at 6–9.)

## II.  DISCUSSION

The Court reviews a magistrate judge's order detaining a defendant before trial *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). Thus, the Court makes its own factual findings and reaches an independent conclusion about whether a defendant should be detained, without deference to the magistrate judge's decision. *Id.* A defendant may be detained before trial only if "no condition or combination of conditions will reasonably assure the [defendant's] appearance . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Government bears the burden of proving by a preponderance of the evidence that no conditions will reasonably assure the defendant's appearance and by clear and convincing evidence that no conditions will reasonably assure the safety of the community. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). When analyzing whether conditions can reasonably assure the defendant's appearance and the safety of the community, the Court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the danger to the community the defendant would pose if released. 18 U.S.C. § 3142(g).

If, as is the case here, the Court finds probable cause to believe the defendant committed a drug offense with a maximum term of imprisonment of at least ten years, there is a rebuttable presumption the defendant should be detained. *See* 18 U.S.C. § 3142(e)(3)(A). This presumption "shifts a burden of production to the defendant," *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008), which requires the defendant to produce "some evidence" that there are conditions

that would reasonably assure his or her appearance and the community's safety, *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). "The burden of production is not a heavy one to meet" and "[a]ny evidence favorable to a defendant that comes within a category listed in § 3142(g) can affect the operation of . . . the presumption[]." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Once a defendant produces some evidence to rebut the presumption, "the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Hir*, 517 F.3d at 1086 (quoting *Dominguez*, 783 F.2d at 707). Ultimately, "the burden of persuasion remains with the [G]overnment." *Hir*, 517 F.3d at 1086.

For the reasons described below, the Court finds that no combination of conditions would reasonably assure Defendant's appearance and, therefore, continued detention is warranted.

First, if Defendant were convicted, he would be subject a minimum sentence of 10 years. *See* 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B). Defendant has a strong incentive to flee, despite the significant surety bond that he and his family are willing to offer. This is particularly true given that the evidence against Defendant is strong enough for him to believe there is a reasonable chance he would, in fact, be convicted. He has owned numerous alleged grow houses, allegedly financed the purchase of other grow houses, and been observed at even more alleged grow houses. (Dkt. No. 41 at 2–8.) Seizures from these properties have been frequent and significant. They include 533 plants in June 2017; 497 plants in December 2017; 1,619 plants in April 2019; 628 plants in November 2019; 687 plants in January 2020; and 1,706 plants in February 2020. (*Id.* at 4–8.) This is in addition to irrigation, lighting and air filtration systems found at other properties not containing plants associated with Defendant. (*Id.* at 4.) The Government further alleges that Defendant used his business to launder illicit funds and pay wages to individuals involved in the manufacturing and distribution of marijuana, some of whom have pleaded guilty to the crime. (*Id.* at 2, 3, 6–8, 13.)

Second, Defendant has displayed little regard for the law. While he has no criminal

convictions, he continued to allegedly facilitate the manufacturing and distribution of illicit marijuana from 2017 through 2020, even though law enforcement repeatedly searched properties he was associated with and seized significant quantities of marijuana during those searches. (*Id.* at 13.) In addition, Defendant has demonstrated a willingness to deceive government authorities. This includes misleading authorities regarding his relationship with his co-defendant and seemingly intentionally obscuring his interest in some of the alleged grow houses. (*Id.* at 13.)

Third, Defendant has access to substantial resources necessary to evade law enforcement should he decide to flee. This includes the cash generated through his alleged activities and an alleged network of criminal associates throughout the United States. (*Id.* at 14–15.) Moreover, Defendant and his co-defendant were born in China, and Defendant has visited the country many times since then. (*Id.* at 14.) His considerable connections to the country make it a viable location for him to settle, should he choose to flee.

Therefore, the factors articulated in 18 U.S.C. § 3142(g) counsel against release. No condition will reasonably assure Defendant's appearance.

In addition, the Government seeks permission to file an over-length brief in response to Defendant's motion (Dkt. No. 40). The Government seeks an additional five pages over what is provided by the Local Rules. (*Id.* at 2.) The Court finds good cause for the additional pages. Defendant's financial dealings, and the efforts he allegedly goes through to obfuscate them, are significant. (*See generally* Dkt. No. 41.) The additional pages contained in the Government's brief are helpful in understanding the reach of Defendant's alleged criminal financial dealings.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to revoke Judge Tsuchida's detention order (Dkt. No. 33) is DENIED and the Government's motion for leave to file an over-length brief (Dkt. No. 40) is GRANTED.

//

//

ORDER
CR20-0172-JCC
PAGE - 4

1     DATED this 23rd day of November 2020.

*[Signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE