Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RAYMOND NG,<br><br>　　　　Defendant. | NO.  CR20-172-JCC<br><br>REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE<br><br>ORAL ARGUMENT REQUESTED<br><br>Noted for:  December 24, 2020 |

### I.　　INTRODUCTION

When arrested on October 22, 2020, Defendant Raymond Ng was healthy. Nevertheless, he was placed in "quarantine" at FDC SeaTac – ostensibly for his own protection – with limited access to counsel. After spending less than two months at FDC SeaTac, Mr. Ng apparently has been infected with COVID-19. Since then, Mr. Ng has been placed in "isolation" for an indefinite period of time and denied access to counsel.

BOP has known about the COVID-19 pandemic, and its prevalence in jails and detention centers, since March 2020. Yet, having failed to prepare for the inevitable spike in COVID-19 cases, FDC SeaTac has reverted to a system of "isolation units" as a justification for the wholesale denial of access to counsel. While FDC SeaTac claims these measures are temporary – in that

*REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE – 1*

**Allen, Hansen, Maybrown &
Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

they might be lifted sometime after January 4, 2021 – this is cold comfort to an inmate who is locked in a cell more than 23 hours of each day with no access to counsel.

For these reasons, Defendant Ng filed an emergency motion for an Order to Show Cause asking for the Warden at FDC SeaTac to explain why Mr. Ng has been denied his constitutional rights. In filing its *Opposition* (Dkt. # 53), the Government's prosecutors have joined with FDC SeaTac in asking this Court to endorse FDC's policies and practices. Perhaps this is unsurprising, as the Government obtains an incalculable strategic advantage when pretrial detainees are unable to communicate with counsel. But it is surprising to see the Government ask this Court to accept policies and practices that are both cruel and unlawful.

This matter is not "moot" as the Government has suggested. To the contrary, absent prompt action by this Court, the Warden at FDC SeaTac will continue to disregard this Court's order to the effect that Mr. Ng must be provided reasonable access to counsel.

## II.   REPLY

### A. Mr. Ng has been Denied his Right to Reasonable Access to Counsel.

In its *Opposition* to Mr. Ng's motion, the Government does not deny any of Mr. Ng's claims. In fact, the Government seems to concede all of the following:

- Mr. Ng has been denied access to counsel since December 2, 2020;

- Mr. Ng was denied access to counsel before he had tested positive for COVID-19;

- FDC SeaTac has provided private health care information regarding pretrial detainees to AUSAs assigned to each defendant's case, but has refused to provide similar information to the defendant's counsel;

- Other than the notice from AUSA that Mr. Ng may have tested positive for COVID-19, Mr. Ng's counsel has been denied access to any information regarding Mr. Ng's current health status;

*REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE* – 2

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

- Mr. Ng does not have access to a telephone now, and it is unclear when he might be granted access to a telephone in the future;

- FDC SeaTac has placed numerous inmates, such as Mr. Ng, in what it has described as "isolation units"; and

- Mr. Ng's counsel was advised that he could not request contact with his client until sometime after January 4, 2021.

In fact, the Government acknowledges that FDC SeaTac has recently terminated ***all*** remote communications between pretrial detainees and their counsel. As the Associate Warden has explained, FDC SeaTac has decided to place inmates in "enhanced quarantine and isolation protocols." *Deveney Dec.* at ¶ 2. In addition, pretrial detainees are no longer permitted to have access to a telephone to speak with their attorneys absent a court order. *See id* at ¶ 7.

Without anything more than the Associate Warden's claim that FDC SeaTac is now under "modified operations" that are "temporary," there is no reason to believe the COVID-19 pandemic – or the outbreak at FDC SeaTac – will subside any time soon.[1] Yet it is noteworthy that the Associate Warden makes no mention of each pretrial detainee's constitutional right to have reasonable access to counsel. Apparently, the Government and the Associate Warden would seem to believe that a pretrial detainee's right of access to counsel is discretionary, such that the constitution may be pushed to the back burner in light of the pandemic.

The Associate Warden has suggested that FDC SeaTac is using "isolation" (or "solitary confinement") because it is necessary to slow the spread of the coronavirus. Notwithstanding the futility – and cruelty – of these tactics at a detention facility, the Associate Warden has offered no legal justification for the decision to terminate what the Government describes as "routine"

---

[1] Before today, FDC SeaTac failed to notify counsel that the institution had adopted that it had adopted these new (but unwritten) policies and practices.

*REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE – 3*

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

attorney-client calls. *See Opposition* at 2. Moreover, the Associate Warden has failed to explain why Mr. Ng is now required to seek an order for this Court if he hopes to have a telephone conversation with his counsel.

The Government suggests, without citation to authority, that no action is necessary because Mr. Ng can have written contact with counsel. Snail mail is a hollow substitute for in-person contact or phone communications. Given the complexity of this case and the myriad issues that must be discussed and evaluated, an attorney cannot rely upon letter writing to discuss these issues with Mr. Ng.[2]

### B. This Matter is Not Moot.

Mr. Ng appreciates the Associate Warden's candor in describing the previously undisclosed policies and practices in place at FDC SeaTac. But, in light of the Associate Warden's concession that FDC SeaTac has suspended all attorney-client communications, Court intervention is essential. In fact, the Government has claimed Mr. Ng can have phone calls when ordered by a Court or in case of an emergency. *See Government's Opposition* at 2.

Mr. Ng now asks this Court to enter such an Order. Given the ongoing health crisis, FDC SeaTac must take immediate steps to ensure that all pretrial detainees – even detainees who may have tested positive for COVID-19 while housed in the facility – are afforded reasonable access to counsel. These inmates should not be cut-off from the outside world for extended periods of time simply because FDC SeaTac does not wish to afford access to a telephone.[3]

---

[2] Moreover, as explained in Mr. Ng's motion, FDC SeaTac's policies have irreparably damaged counsel's relationship with this client.

[3] FDC SeaTac has had more than seven months to prepare for the inevitable spike in cases that has occurred at the institution. Rather than rely upon indefinite and repetitive periods of isolation, FDC SeaTac can and should establish a mechanism that will allow ***all*** pretrial detainees to have access to a telephone for attorney-client communications. Hospitals and long-term care facilities allow infected

*REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE – 4*

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

Mr. Ng is not asking for special treatment. Rather, he is now requesting the same form of relief that has been imposed by other district judges facing similar concerns. For example, Chief District Court Judge James Bredar, of the District of Maryland, issued the following directive to the Warden of the D.C. Jail:

> ORDERED by the United States District Court for the District of Maryland that the custodians of these Maryland detainees ensure that each such detainee has access to a telephone and/or other communication device by which they can communicate with their counsel and participate in proceedings as scheduled by this Court. Specifically, Warden Quincy Booth SHALL:
>
> 1. Ensure that Maryland detainees are presented for video/audio court proceedings from a suitable facility within the D.C. Jail;
>
> 2. Ensure that those Maryland detainees who are quarantined or isolated as a result of the prevalence of the Covid-19 virus within the D.C. Jail are nonetheless able to participate in their scheduled court proceedings, at least by audio link over which they can both speak and hear; and
>
> 3. **<u>Ensure that Maryland detainees have reasonable access to their counsel and that counsel have reasonable access to their detained clients, via telephone at least</u>**.
>
> The access ordered herein is mandated by the Fifth and Sixth Amendments to the United States Constitution. Accordingly, compliance is ordered FORTHWITH.

Appendix A (Order dated April 23, 2020) (emphasis added). Apparently, Warden Booth was able to comply with that directive.

This Court should enter a comparable order in Mr. Ng's case.

### III.   CONCLUSION

FDC SeaTac has enacted policies which have effectively suspended Raymond Ng's opportunity to communicate with counsel. Due to these policies, Mr. Ng has not been permitted

---

persons to use telephones to communicate with the outside world; FDC SeaTac cannot seriously claim that it is impossible to permit infected inmates to have access to a phone.

*REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE* – 5

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

to contact counsel since December 2, 2020; and it remains unclear when he might be permitted to contact counsel in the future.

Given the important constitutional issues that have been imperiled by FDC SeaTac's new policies and procedures, this Court should enter an Order directing the Warden to provide Mr. Ng with reasonable access to his counsel, via telephone at least.

RESPECTFULLY SUBMITTED this 24th day of December, 2020.

/s/ Todd Maybrown
Todd Maybrown, WSBA #18557
Attorney for Raymond Ng
Allen, Hansen, Maybrown & Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, WA 98101
206-447-9681 – Phone
todd@ahmlawyers.com

*REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE – 6*

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681

**CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2020, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record. I also emailed a copy of this motion to George Cho, Supervisory Attorney at the FDC SeaTac Consolidated Legal Center.

DATED at Seattle, Washington this 24th day of December 2020.

/s/ Sarah Conger
Sarah Conger, Legal Assistant
Allen, Hansen, Maybrown & Offenbecher, P.S.
600 University Street, Suite 3020
Seattle, WA 98101
206-447-9681 – Phone
206-447-0839 – Fax
sarah@ahmlawyers.com

*REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE – 7*

**Allen, Hansen, Maybrown & Offenbecher, P.S.**
600 University Street, Suite 3020
Seattle, Washington 98101
(206) 447-9681